No. **WR-CV-342-86**

# District Court of the Navajo Nation
## Judicial District of Window Rock, Arizona

---

**In the Matter of the Estate of:**
**John B. Evans, C#38,458**
**Decided July 20, 1989**

---

## FINDINGS OF FACTS, CONCLUSIONS OF LAW, OPINION AND ORDER

Mae Horseson, Counsel for Petitioner

Wesley W. Atakai, Counsel for Claimant

Judge Robert Yazzie, Presiding

### STATEMENT OF FACTS

1  This is a quiet title proceeding.

2. John B. Evans (hereinafter "decedent"), died May 4, 1976.

3. Decedent held grazing permit #17-371, containing 68 sheep units and two (2) horses. This permit is the sole source of dispute in this proceeding.

4. Decedent married Bessie Evans Woody, the petitioner in this case, on September 22, 1955. One child was born from this marriage, namely Priscilla Evans.

5. Petitioner is asking this court to quiet title to her deceased husband's grazing permit.

6. Louise Denny, sister of decedent, filed a claim against the estate asking this court to give her the entire permit.

7. Louise Denny (hereinafter claimant) lives in District #17 at Bahlokai, Steamboat, Arizona. She has livestock and grazes them, not in District #17, but at Salina Springs in District #10.

8. The permit was given to decedent as a gift from his predeceased father, Hosteen Bahalokai, on July 20, 1954. Hosteen Bahalokai, prior to his death, divided his grazing permit containing a large number of sheep units four ways among his immediate family. His immediate family included decedent John B. Evans who was given 68 sheep units.

9. Petitioner Bessie Evans Woody has physical possession of the grazing permit. Decedent and petitioner, as husband and wife, used the permit for 21 years.

10. Petitioner grazes 100 head of sheep and two (2) horses in District #17, at the location where she and decedent lived, three (3) miles southwest of Steamboat Trading Post, Steamboat, Arizona.

11. Notice of this proceeding was published in the Navajo Times on August 15 and 18, 1985.

12. The six (6) years statute of limitations has elapsed without the filing of an action to probate decedent's grazing permit.

## OPINION

There are two (2) issues to be addressed in this case.

### ISSUE 1: WHETHER A SURVIVING WIFE HAS A RIGHT TO FILE A QUIET TITLE ACTION OF DECEASED HUSBAND'S SEPARATE PROPERTY CONSISTING OF A GRAZING PERMIT?

A quiet title action involves a person filing a suit in a court of equity to clear title to property. It applies to land title. Filing a quiet title action in Navajo courts is done when the statutory period for the filing of a probate action has elapsed. The rules of probate do not apply in quiet title actions. To apply such rules would, in essence, be ignoring the six (6) years statute of limitations for probate proceedings.

When a party seeks to quiet title to property in the Navajo Nation, the courts essentially follow procedures similiar to those used in any other American jurisdiction. The quiet title action is used to clear any "cloud" or competing adverse claim against the petitioner's title to the property. In Navajo courts, quiet title actions usually involve homesites, land use permits and grazing permits, all land-based rights. In most cases, a petitioner wants to establish clear and exclusive rights to the homesite, land use permit or grazing permit. If anyone else has any claim of rights or interests to the property in question, he must assert his claim.

There is no Navajo Law which sets forth the required burden of proof in quiet title proceedings. Under Anglo American law, one in possession of the property is usually the person who files a suit to quiet title. Possession of the property means using or occupying the property openly and publicly. One without possession may also sue to quiet title, but he must have some indication of claim of title, such as a deed or bill of sale.

In the instant case, the decedent and his surviving wife used the permit for 21 years. After decedent died on May 4, 1976, petitioner continued to use and possess the permit for 10 years at the location where she and her husband lived and where they grazed their livestock for 21 years. Since petitioner still possesses the grazing permit, she is the proper party to file a quiet title action respecting decedent's permit in this Court.

### ISSUE II: WHETHER DECEDENT'S SISTER'S CLAIM TO THE GRAZING PERMIT IS SUPERIOR TO THE CLAIM OF DECEDENT'S WIFE?

Claimant, Louise Denny, filed a claim against the estate asking the Court to grant her the entire permit. Louise Denny, a biological sister of decedent, claims

that: 1) her deceased father, Hosteen Bahalokai, divided his grazing permit among his immediate family; 2) when Hosteen Bahalokai divided and distributed his grazing permit, he intended that the grazing permit remain within his immediate family; and 3) Hosteen Bahalokai orally instructed his deceased son, John Evans, to share the permit equally with Louise Denny.

Assuming that the court chose to recognize the intent of Hosteen Bahalokai to keep his grazing permit within his immediate family, his intent was never fulfilled. During the entire 21 years that the decedent, John Evans, used the permit, he and Ms. Denny never used it. By law, one who does not exercise his right to use property for a prolonged period of time, may be said to have abandoned and relinquished all rights and interests in the property. Such is the case here. Ms. Denny never used the permit to graze her livestock and that means she has relinquished and abondoned her rights and interests in the permit. Claimant, therefore, has no claim of right in this quiet title proceeding.

Based upon the foregong Opinion, it is ORDERED, ADJUDGED and DECREED that:

1. The grazing permit #17-371, containing 68 sheep units and two (2) horses, be awarded to petitioner, Bessie Evans Woody.

2. The Bureau of Land Operations change the grazing permit #17-371 to reflect the provision of this Order.